Joseph Life, J.
Defendant Jacob Rolnick moves for summary judgment dismissing the complaint of Albert Rolnick. In support of his application he urges that the action being one to recover damages for injury to property, it is barred by CPLR 214 (subd. 4) since it was not brought within three years from the time of its accrual.
The complaint alleges that the cause of action arose on March 16,1962 when the defendant caused the plaintiff to be ousted from his employment by improper and malicious acts which were intended solely to inflict harm and damage upon the plaintiff. These averments do not constitute an action for injury to property nor are they recognizable as one of the readily identifiable torts. They may constitute the statement of a cause of action in prima facie tort (Metromedia, Inc. v. Mandel, 21 A D 2d 219; Morrison v. National Broadcasting, 24 A D 2d 284, revd. on other grounds 19 N Y 2d 453).
The action is one to recover damages for a personal injury (General Construction Law, § 37-a), for that term may cover “ every variety of injury to a person’s body, feelings or reputation.” (Bonilla v. Reeves, 49 Misc 2d 273, 279.) The action would be barred by the three-year statute (CPLR 214, subd. 5) except for the circumstance that it arose prior to September 1, 1963, the effective date of the CPLR, and the statute had not run against it as of that date.
Subdivision 3 of section 48 of the Civil Practice Act provided genetically that actions to recover damages for personal injury had to be commenced within six years except where another period was expressly provided for. Thus, an action to recover damages for personal injury resulting from negligence had to be commenced within three years (Civ. Prac. Act, § 49, subd. 6) and shorter periods were provided for other actions involving personal injury (Civ. Prac. Act, §§ 50, 51). Under CPLR all actions brought to recover damages for personal injury were grouped under the three-year statute without distinguishing those “ resulting from negligence ” (CPLR 214, subd. 5). However, those torts of an intentional nature enumerated in CPLR 215 (subd. 3) were subject to the shorter one-year period. (See Practice Commentary by Prof. Joseph M. McLaughlin to CPLR 234 and Notes on Legislative Studies and Reports following *245 CPLR 214 in McKinney’s Cons. Laws of N. Y., Book 7B.) A prima facie tort is subject to the limitation of three years (CPLR 214, subd. 5). However, since the cause of action here alleged arose in March of 1962, prior to the effective date of CPLR, the plaintiff has the benefit of the saving provision set forth in CPLR 218 (subd. [b]); the six-year period provided in the old subdivision 3 of section 48 of the Civil Practice Act applies. The motion is denied.