J.L. Healy Construction Company, appellant, v. State of Nebraska, Department of Roads, appellee.

463 N.W.2d 813

Filed December 14, 1990.   No. 88-659.

Mark F. Enenbach and Steven P. Case, of McGrath, North, Mullin & Kratz, P.C., for appellant.

Robert M. Spire, Attorney General, John E. Brown, and Robert G. Avey for appellee.

Hastings, C.J., Boslaugh, White, Caporale, Shanahan, Grant, and Fahrnbruch, JJ.

Grant, J.

J.L. Healy Construction Company (hereinafter Healy), a South Dakota corporation, filed a petition in the district court for Sheridan County, Nebraska, against the State of Nebraska's Department of Roads (hereinafter DOR), seeking judgment in the amount of $725,719.28. The damages prayed for were based on Healy's allegations that DOR had breached its "duties to Healy" by "negligently failing to perform and administer with care, skill, reasonable expediency and faithfulness" a "contract" between Healy and Sheridan County and "agency agreements" between Sheridan County and DOR. Before the Sheridan County-Healy contract, the county had entered into an agreement with DOR that DOR, as the county's agent, would "supervise . . . all construction work" in connection with the contract. Healy appeals from a judgment of the Sheridan County District Court finding that DOR was negligent only in failing to timely test certain samples and that such negligence

resulted in damages of $4,000, but that DOR generally did not negligently violate any other duties it owed to Healy.

The record shows that Healy filed a claim with the State Claims Board, alleging that DOR was negligent as set out above. The claims board denied Healy's claim. Healy then filed this action. During a 5-day trial, Healy adduced evidence regarding 19 specific ways in which it felt DOR negligently breached contractual duties owed to Healy. Central to these claims is Healy's assertion that the supervisory personnel of DOR who worked on the project were inexperienced and incompetent. Healy argues that this incompetence was apparent through actions such as requiring grossly excessive mixing of asphaltic oil in the roadbed and requiring frequent halting of construction until samples could be taken and test results received from a laboratory in Lincoln.

The parties requested specific findings of fact. The trial court made 53 such findings. Several of those findings supported allegations made by Healy. The court held, however, that in general DOR was not negligent. As stated above, the trial court rendered judgment for $4,000 in favor of Healy, based upon one 8-day delay in receiving results of test samples from a Lincoln lab, and denied any other damages. Healy appeals from that judgment, contending primarily that the specific findings of fact are inconsistent with the court's conclusions of law and that Healy is entitled to a substantially larger amount of damages.

Healy brought this action on a tort theory of "negligent breach of contract." Relying upon language in *Lincoln Grain v. Coopers & Lybrand*, 216 Neb. 433, 345 N.W.2d 300 (1984), Healy pled in its petition that DOR had breached its duties to Healy by "negligently failing to perform and administer with care, skill, reasonable expediency and faithfulness the contract and agency agreements . . . ." Healy contends that a negligent failure to observe any of the contractual conditions is a tort as well as a breach of contract.

*Lincoln Grain* was an action by the plaintiff company against its auditing firm for failure of the firm to perform its contractual auditing duties, as set out in an "engagement letter," for an audit "in accordance with generally accepted

auditing standards." *Id*. at 434, 345 N.W.2d at 303. The action was between two private corporations. In *Lincoln Grain, supra*, we set out general rules for determining the line between tort actions and breach of contract actions. We also stated that "to the extent there is a choice . . . the parties elected to try this case as if it were one in tort. Ordinarily, as we do in this case, we will dispose of a case on appeal on the theory on which it was presented in the lower court." (Citations omitted.) *Id*. at 438, 345 N.W.2d at 305.

This case differs from *Lincoln Grain* in at least two respects: (1) Healy has sued a department of the State of Nebraska, and, thus, this action is not one between private corporations, and (2) in this case, while Healy elected to try the case as if it were one in tort, DOR did not so elect and indeed objected to such a treatment throughout the case until this appeal.

With regard to the first difference, the basis for an action against the State must rest on the State's waiver of its immunity from suit. That waiver is conditional and set out in statutory provisions establishing procedures that must be followed to give a court jurisdiction of an action against the State. If Healy's action was a tort action, Neb. Rev. Stat. § 81-8,212 (Reissue 1987) requires that a claim be filed with the State Claims Board, and Neb. Rev. Stat. § 81-8,214 (Reissue 1987) provides that an action on such claim is to be heard by the district court of the county where the alleged tort occurred. On the other hand, if Healy's action was a breach of contract action, Neb. Rev. Stat. § 81-1170 (Reissue 1987) requires that a claim be filed with the Director of Administrative Services. An action on such a claim is to be heard "in the district court of the county wherein the capital is situated . . . ." Neb. Rev. Stat. § 25-21,206 (Reissue 1989). In waiving its governmental immunity from suit, the State of Nebraska set out the foregoing procedures which must be followed. The subject matter jurisdiction of the district court is decided by a correct determination of whether the claim is a tort or contract action. See *L.J. Vontz Constr. Co. v. State*, 230 Neb. 377, 432 N.W.2d 7 (1988).

We note that procedural changes have been made in the pertinent Nebraska statutes since the inception of this case, but

those changes do not affect the decision in this case. See Neb. Rev. Stat. §§ 81-8,302 et seq. (Cum. Supp. 1990).

With regard to the second difference, there was no agreement between the parties as to the theory on which the case was to be tried. As stated above, Healy contended that the action was one in tort. DOR alleged in its answer and contended in its opening argument in the trial court that the case properly belonged in contract. At the conclusion of Healy's case in the trial court, DOR made a motion to dismiss "based primarily on the jurisdiction of the Court which, in fact, the evidence has proved that this is a contract claim for the action." The motion was denied. DOR does not present this jurisdictional contention in this court, probably because of a pragmatic conclusion by DOR that it is satisfied with the disposition of the claim as determined by the trial court.

This court has a duty to determine issues of jurisdiction which are apparent from the record. We have said:

"Whether a question is raised by the parties concerning jurisdiction of the lower court or tribunal, it is not only within the power but the duty of an appellate court to determine whether such appellate court has jurisdiction over the subject matter." *Glup v. City of Omaha*, 222 Neb. 355, 359, 383 N.W.2d 773, 777 (1986). "Where lack of subject matter jurisdiction in the original tribunal is apparent on the face of the record, yet the parties fail to raise that issue, it is the duty of the reviewing court to raise and determine the issue of jurisdiction sua sponte." *Id.*

*In re Interest of L.D. et al.*, 224 Neb. 249, 256, 398 N.W.2d 91, 97 (1986).

If this action rests in contract, the district court in Sheridan County was without jurisdiction to hear the case because a contract claim against a state agency must be heard in the district court for Lancaster County, after such a claim is first submitted to the Director of Administrative Services. This claim, described by Healy as a tort claim, was submitted to the State Claims Board and was heard in Sheridan County. The determination as to whether the present claim rests in tort or in contract determines the jurisdiction of the Sheridan County District Court, and this court, to consider Healy's petition.

The principle determinative of this issue was set out most recently in a case decided after the trial in this case, but before the briefs were filed herein. In *L.J. Vontz Constr. Co. v. State, supra* at 382, 432 N.W.2d at 11, we said: "[T]o determine whether an action is based on a contract or a tort, a court must examine and construe a petition's essential and factual allegations by which the plaintiff requests relief, rather than the legal terminology utilized in the petition or the form of a pleading."

We have also said: "It is recognized that if an action is not maintainable without pleading and establishing the contract, if the gist of the action is the breach of the contract, either by malfeasance or nonfeasance, it is in substance, whatever may be the form of the pleading, an action on the contract." *Fuchs v. Parsons Constr. Co.*, 166 Neb. 188, 193, 88 N.W.2d 648, 652 (1958). See, also, *In re Appeal Roadmix Construction Corporation*, 143 Neb. 425, 9 N.W.2d 741 (1943); *McNeel v. State*, 120 Neb. 674, 234 N.W. 786 (1931).

The trial court in this case, in its conclusions of law, stated that DOR's "duties to Healy, including the universal duty of performance in a reasonable manner, all arise out of the contract. No contract, no duty." It is clear that DOR's duties to Healy existed solely because of the contractual relationship between Healy and Sheridan County. DOR's alleged contractual-tort liability to Healy is further attenuated by the fact that DOR has no contract with Healy, and DOR's tort or contract liability can be based only on its status as an agent of Sheridan County.

In *L.J. Vontz Constr. Co. v. State*, 230 Neb. 377, 432 N.W.2d 7 (1988), the contractor had entered into a contract with DOR. In the present case, the contractor Healy entered into a contract with Sheridan County, which in turn entered into a contract, or agency agreement, with DOR. Nonetheless, the facts and issues in *Vontz* are similar to those in this case. The contractor in *Vontz* alleged that DOR was negligent in that it "furnished inadequate and misrepresented engineering and design for the projects, which resulted in substantial project delays and increased Vontz' costs to complete the projects" and because DOR "failed to properly administer the contracts." *Id.* at 383,

432 N.W.2d at 12. The *Vontz* court first determined that the action belonged in contract and not in tort. We said:

> Contract actions, which arise from a breach of a duty imposed on one by an agreement, protect a plaintiff's interest in or right to performance of another's promises, whereas tort actions, which arise from a breach of a duty imposed by law, protect a plaintiff's interest or right to be free from another's conduct which causes damage or loss to the plaintiff's person or property.

*Id*. at 382-83, 432 N.W.2d at 11.

In this case, as in *Vontz*, there were no allegations of damage or loss to person or property, but simply allegations of a failure in the performance of another's promises. Attached to Healy's petition and adduced as evidence in the trial herein was the 74-page contract between Healy and Sheridan County, including various amendments and change orders. Referred to in the petition and adduced as evidence was the nine-page agreement between Sheridan County and DOR. DOR's contractual duties to Healy can only be those spelled out in those contractual agreements. This case is not a tort case, but an action in contract, unless we are to create new torts by recognizing that Healy may recover damages in tort, based on allegations, among others, in its petition that DOR was negligent when it, "without reason, imposed liquidated damages upon Healy and imposed other penalties in a manner not contemplated by the contract."

Healy's action was improperly brought in tort when its remedy, if any, exists in an action for breach of the construction contract, which outlines the parties' respective duties and obligations. We need not consider whether Healy's pleadings are sufficient to raise a contract claim, because the district court had no jurisdiction to hear a contract claim against an agency of the State without prior submission of the claim to the Director of Administrative Services pursuant to § 81-1170. See *Vontz, supra*.

The order of the district court is vacated and the cause remanded to the district court with directions to dismiss Healy's petition.

REMANDED WITH DIRECTIONS.

WHITE, J., concurs.