STATE OF NEBRASKA, APPELLANT, V. MICHAEL E. BOURKE, APPELLEE.

464 N.W.2d 805

Filed January 25, 1991.   No. 90-177.

Charles W. Campbell, York County Attorney, for appellant.

Mark M. Sipple, of Luckey, Sipple, Hansen, Emerson & Schumacher, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

This case comes to us as an appeal by the State pursuant to

Neb. Rev. Stat. § 29-2315.01 (Reissue 1989) of an order entered by the district court for York County, Nebraska, which sustained in part the defendant's motion to quash the information charging him with terroristic threats. The court's order declared that part of the state terroristic threats statute is unconstitutional. We find that the statute is constitutional, sustain the exception to the court's ruling, and remand the cause to the district court for further proceedings.

Although it is possible that this issue is not appealable as a final order at this time, we consider it, since in its posture it could evade review at a later time. As the U.S. Supreme Court has stated, "[T]he matters embraced in the trial court's pretrial order here are truly collateral to the criminal prosecution itself in the sense that they will not 'affect, or . . . be affected by, decision of the merits of this case.' " *Abney v. United States*, 431 U.S. 651, 660, 97 S. Ct. 2034, 52 L. Ed. 2d 651 (1977), quoting *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 69 S. Ct. 1221, 93 L. Ed. 1528 (1949).

The defendant, Michael E. Bourke, was charged by information with violation of Neb. Rev. Stat. § 28-311.01 (Reissue 1989), terroristic threats, a Class IV felony. The information was filed on November 7, 1989, alleging that he did "threaten to commit any crime of violence with the intent to terrorize another or in reckless disregard of the risk of causing such terror." On December 26, Bourke filed a motion to quash the information, asserting that the terroristic threats statute "is unconstitutionally vague and overbroad on its face in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the U.S. Constitution, and Sections 1, 3 and 5 of Article I of the Nebraska Constitution."

After a hearing on the motion, the trial judge issued an order on January 26, 1990, finding that § 28-311.01(1)(a) and (b) is not unconstitutionally vague and overbroad, but that § 28-311.01(1)(c) is unconstitutionally vague. The court ordered the last section of the information, "or in reckless disregard of the risk of causing such terror," to be quashed and stricken from the information.

The State filed this appeal on February 9, asserting that the district court erred in determining that the statute is

unconstitutionally vague and that the defendant failed to show that he had standing to raise the constitutional challenge. The question of standing was not raised in the appellant's brief and will not be addressed.

Section 28-311.01 reads:

(1) A person commits terroristic threats if he or she threatens to commit any crime of violence:

(a) With the intent to terrorize another;

(b) With the intent of causing the evacuation of a building, place of assembly, or facility of public transportation; or

(c) In reckless disregard of the risk of causing such terror or evacuation.

(2) Terroristic threats is a Class IV felony.

The district court found only subsection (1)(c) to be unconstitutional, and the defendant did not file a cross-appeal. He thereby waives his right to object to subsections (1)(a) and (1)(b). We address only subsection (1)(c).

As the State points out in its brief, the district court did not explain its finding, nor did it identify any specific portion of the statute as vague. It appears that the court believed that the phrase "reckless disregard of the risk" was so "uncertain that an ordinary person cannot intelligently choose in advance what course of conduct is lawful or unlawful under that section."

We note first that "reckless" has been defined repeatedly in statute and case law. Neb. Rev. Stat. § 28-109(19) (Reissue 1989) defines recklessly as

acting with respect to a material element of an offense when any person disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and purpose of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a law-abiding person would observe in the actor's situation.

We have held that in the context of assault,

[a] reckless act [as defined in § 28-109(19)] involves a conscious choice in a course of action, made with

> knowledge of a serious danger or risk to another as a result of such choice of action or with knowledge of the attendant circumstances which, to a reasonable person, would indicate or disclose a serious danger or risk to another as a result of the course of action selected.

*State v. Hoffman*, 227 Neb. 131, 139, 416 N.W.2d 231, 237 (1987). With guidance from these sources, there should be no misunderstanding as to the meaning of reckless, and it is not unconstitutionally vague.

The current terroristic threats statute was passed after we held its predecessor to be unconstitutional in *State v. Hamilton*, 215 Neb. 694, 340 N.W.2d 397 (1983). The previous statute stated:  " '(1) A person commits terroristic threats if: (a) He threatens to commit any crime likely to result in death or serious physical injury to another person or likely to result in substantial property damage to another person . . . .' " *Id.* at 695, 340 N.W.2d at 398. We held that the statute was vague and uncertain as to what constitutes a threat because the statute did not "define the term [or] describe how or to whom, if anyone, the threat must be made." *Id.* at 697, 340 N.W.2d at 399.

We later held that "[t]he underlying rationale of *Hamilton* is that the statute left uncertain both what constituted a threat and what constituted the likely result required." *In re Interest of Siebert*, 223 Neb. 454, 457, 390 N.W.2d 522, 524-25 (1986). The current law provides no additional guidance as to what constitutes a threat, but because only subsection (1)(c) was held to be unconstitutional, we address only the issue of "reckless disregard of the risk."

In *Hamilton,* we noted that the previous Nebraska law differed from the Model Penal Code and that the

> language of the Model Penal Code is certainly much clearer than that adopted by the Nebraska Legislature. An actor violates the Model Penal Code when he or she threatens to commit any crime of violence, with the intent to terrorize another, regardless of what the outcome of the act will be or of how the victim receives the threat. The Model Penal Code seems to be fairly definite, and not speculative as is the statute in question.

*Hamilton, supra* at 698-99, 340 N.W.2d at 399-400.

Under the current Model Penal Code,

> [a] person is guilty of a felony of the third degree if he threatens to commit any crime of violence with purpose to terrorize another or to cause evacuation of a building, place of assembly, or facility of public transportation, or otherwise to cause serious public inconvenience, or in reckless disregard of the risk of causing such terror or inconvenience.

Model Penal Code § 211.3 at 127 (1962).

When the Nebraska law was revised in 1986, the wording of the Model Penal Code was adopted almost verbatim. Subsection (1)(c) of § 28-311.01 defines the crime with enough certainty to meet the requirements of *Hamilton* and its progeny " 'with sufficient definiteness and . . . ascertainable standards of guilt to inform those subject thereto as to what conduct will render them liable to punishment thereunder. . . .' " *Hamilton, supra* at 695, 340 N.W.2d at 398, quoting *State v. Huffman*, 202 Neb. 434, 275 N.W.2d 838 (1979).

We hold that § 28-311.01(1)(c) is constitutional and sustain the exception to the finding of the district court to the contrary. This cause is remanded to the district court for further proceedings.

EXCEPTION SUSTAINED, AND CAUSE REMANDED
FOR FURTHER PROCEEDINGS.

FAHRNBRUCH, J., dissenting.

While I agree with the majority's analysis that the phrase used in Neb. Rev. Stat. § 28-311.01(1)(c) (Reissue 1989) is not unconstitutionally vague, I must dissent on the basis that no final order was entered by the trial court, and, therefore, the State's appeal is not properly before us.

> The county attorney may take exception to any ruling or decision of the court made during the prosecution of a cause by presenting to the trial court the application for leave to docket an appeal to the Supreme Court with reference to the rulings or decisions of which complaint is made. . . . Such application shall be presented to the trial court within twenty days after the *final order* is entered in the cause . . . . The county attorney shall then present such application to the Supreme Court within thirty days from

the date of the *final order*.
(Emphasis supplied.) Neb. Rev. Stat. § 29-2315.01 (Reissue 1989).

Although no party in this appeal has raised the issue of jurisdiction, "[t]his court has a duty to determine issues of jurisdiction which are apparent from the record." *J.L. Healy Constr. Co. v. State,* 236 Neb. 759, 762, 463 N.W.2d 813, 816 (1990).

We have dismissed proceedings for lack of jurisdiction under quite similar circumstances because there was no final, appealable order. In *State v. Hutter,* 145 Neb. 312, 16 N.W.2d 176 (1944), at the conclusion of all the testimony, the trial court dismissed the charges against Charles Hutter as to murder in the first and second degree, but submitted a manslaughter charge to the jury. After the jury was unable to reach a verdict, it was discharged and the cause continued for further proceeding. Thereafter, Hutter's plea in bar as to first and second degree murder was sustained, and he was ordered to be tried on the charge of manslaughter. At that point, the State filed error proceedings in this court pursuant to the statutory antecedents of Neb. Rev. Stat. §§ 29-2315.01 to 29-2316 (Reissue 1989), see Comp. Stat. §§ 29-2314 to 29-2316 (1929), contesting the partial granting of the plea in bar.

By motion, the question was raised whether a final order must be entered in the court below before proceedings could be brought in the Supreme Court. Section 29-2314 (1929), the statutory predecessor of § 29-2315.01 (Reissue 1989), was silent as to any requirement of a final order. Nonetheless, this court held that "a final order or judgment completely disposing of the case shall have been entered below before we will decide any questions therein presented, unless it is clearly shown by the record that the decision can in no manner reverse or affect the case in which the bill was taken." *Hutter, supra* at 315, 16 N.W.2d at 177. See, also, *State v. Linn,* 192 Neb. 798, 224 N.W.2d 539 (1974) (under the terms of § 29-2315.01, the right of a county attorney to review questions of law in criminal cases is limited to those cases in which a final order or judgment in the criminal case has been entered); *Huffman v. Huffman,* 236 Neb. 101, 459 N.W.2d 215 (1990) (generally, when multiple

issues are presented to a trial court for simultaneous disposition in the same proceeding and the court decides some of the issues, while reserving some issue or issues for later determination, the court's determination of less than all of the issues is an interlocutory order and is not a final order for purposes of an appeal). In applying that rule, this court in *Hutter, supra,* dismissed the appeal because the decision might have reversed or affected the action still pending in the trial court.

In *State v. Taylor,* 179 Neb. 42, 136 N.W.2d 179 (1965), a county attorney brought error proceedings pursuant to §§ 29-2315.01 to 29-2316 after a defendant's motion for a new trial had been sustained. The cause was dismissed because there was no final order. This court's explanation bears repeating:

> By their terms, these statutes do not permit an appeal by the State from any interlocutory ruling of the trial court in a criminal proceeding. Such an interpretation would permit piecemeal review, create chaos in trial procedure, and destroy the orderly and expeditious trial of criminal cases. The statute provides for a determination of such questions on appeal to this court after a "final order" has been entered by the trial court. . . . To hold otherwise would be to hold that the Legislature intended that a succession of appeals could be granted in the same case to secure advisory opinions to govern the further action of the trial court.

*Taylor, supra* at 45, 136 N.W.2d at 181.

*Hutter, supra,* is directly on point. Like the defendant in *Hutter,* Bourke still has charges pending. As the district court clearly stated in its order of January 26, 1990, it remains to be determined whether Bourke committed terroristic threats under § 28-311.01(1)(a). Any decision by this court would affect the case in which the appeal was taken. As policy considerations support a result opposite the majority's decision, I can see no reason to depart from precedent set nearly 50 years ago.

CAPORALE, J., joins in this dissent.