DONNELLE GALLION, APPELLANT, V. SHANNON P. O'CONNOR AND THE DOUGLAS COUNTY PUBLIC DEFENDER'S OFFICE, APPELLEES.

494 N.W.2d 532

Filed January 22, 1993.   No. S-90-560.

Donnelle Gallion, pro se.

Michael J. Mooney, of McCormack, Cooney, Mooney, Hillman and Elder, for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and FAHRNBRUCH, JJ., and HOWARD, D.J., Retired.

HASTINGS, C.J.

Plaintiff, Donnelle Gallion, appeals the order of the district court which sustained the joint demurrer of Shannon P. O'Connor and Thomas M. Kenney and dismissed plaintiff's amended petition. We affirm.

Gallion filed an amended petition in district court naming "Shannon P. O'Connor, Office of Douglas County Public Defender, Defendants." He alleged that on April 14, 1988, "the Office of Douglas County Public Defender was appointed by Douglas County Court to represent plaintiff in defense of criminal charges" pending against him and that "[d]efendant O'Connor was assigned by the Office to plaintiff's cases."

Gallion went on to allege certain acts of negligence on the part of O'Connor in the handling of Gallion's case, by reason of which Gallion claimed that he was improperly held and subjected to "unwanted psychiatric treatment," resulting in humiliation, damage to his personal reputation, and violation of his civil rights, for which he sought a money judgment.

A joint demurrer was filed by counsel on behalf of "Shannon P. O'Connor, Assistant Public Defender, and Thomas M. Kenney, Douglas County Public Defender, Defendants," although Kenney was not named in the amended petition as a defendant. The demurrer stated that it was filed "pursuant to §25-806, §13-920 and §13-903 R.R.S. Neb. as amen[d]ed."

Neb. Rev. Stat. § 25-806 (Reissue 1989) provides in part that a defendant may demur to a petition only when it appears on its face "(1) that the court has no jurisdiction of the person of the defendant or the subject of the action . . . or (6) that the petition does not state facts sufficient to constitute a cause of action."

The district court sustained the demurrer

> by reason of Plaintiff's failure to comply with Tort Claims Act as amended in 1987 RRS 13-920 (1). It appears from the Amended Petition that more than one year has elapsed since plaintiff's cause of action accrued and that plaintiff can no longer comply with provisions of act. Therefore the Amended Petition is dismissed with prejudice.

Neb. Rev. Stat. § 13-920(1) (Reissue 1991) provides as follows:

> No suit shall be commenced against any employee of a political subdivision for money on account of damage to or loss of property or personal injury to or the death of any person caused by any negligent or wrongful act or omission of the employee while acting in the scope of his or her office or employment occurring after May 13, 1987, unless a claim has been submitted in writing to the governing body of the political subdivision within one year after such claim accrued in accordance with section 13-905.

The alleged negligent conduct on the part of O'Connor occurred after April 14, 1988, and therefore falls within the provisions of § 13-920(1). It may be inferred from the language

of Gallion's pleading that O'Connor's conduct in representing Gallion occurred while O'Connor was acting in the scope of his office or employment. Gallion's suit certainly was one commenced against an employee of a political subdivision for money.

The remaining question is whether Gallion's action for money damages was because of personal injury suffered by him within the meaning of § 13-920.

Gallion claims that as a result of the alleged negligence of O'Connor, he was subjected to humiliation, damage to his personal reputation, and violation of his civil rights. Neither plaintiff nor the defendants have cited any cases which are of help to us in finding a definition of personal injury, nor has our independent research disclosed any Nebraska cases directly on point.

However, in *Schmidt v. Richman Gordman, Inc.*, 191 Neb. 345, 354, 215 N.W.2d 105, 111 (1974), a suit for injuries and damages by reason of false imprisonment, this court said:

> When one is unlawfully restrained of his personal liberty, arrested and paraded through a store under guard of a police officer, confined in the local jail for 3 1/2 to 4 hours, fingerprinted and "mugged" for permanent FBI records, charged with a criminal offense, and compelled to retain counsel for their defense, damage is obvious and serious. Mental anguish and distress, humiliation and disgrace are virtually presumed.

We do find some direction from cases in other jurisdictions, which reasoning we adopt.

In *Koon v. Atlantic Coast Line R. Co.*, 90 Ga. App. 877, 84 S.E.2d 703 (1954), the term "personal injury" denotes an injury to the physical body of a person, including pain and suffering from such injury; injury to a person's health; or injury to that person's reputation, as contradistinguished from injury to his or her property.

The term "personal injuries" is broader, more comprehensive, and more significant than the term "bodily injuries" and does not necessarily mean or involve the element of personal contact, according to *New Amsterdam Casualty Co. v. Hart*, 153 Fla. 840, 16 So. 2d 118 (1943).

The three elements of damages which comprise the term "personal injuries" are medical expenses and loss of earnings, which are essentially economic loss, and mental and physical pain, which is noneconomic loss. *Kozlowski v. Briggs Leasing Corp.*, 96 Misc. 2d 337, 408 N.Y.S.2d 1001 (1978).

Any condition which creates an actionable annoyance and inconvenience to one in his or her home or business is an offense against the person and is a personal injury, as respects a right of recovery therefor. *Howell v. City of Dothan*, 234 Ala. 158, 174 So. 624 (1937).

False imprisonment qualifies as a personal injury, such term being defined to include libel, slander, malicious prosecution, assault and battery, false imprisonment, and other actionable injuries to the person. *Gray v. Wallace*, 319 S.W.2d 582 (Mo. 1958); *N. Y. P. & N. R. R. Co. v. Waldron*, 116 Md. 441, 82 A. 709 (1911).

The term "personal injury" may cover every variety of injury to a person's body, feelings, or reputation, and thus, an action was governed by the limitations period applicable to personal injury actions. *Rolnick v. Rolnick*, 55 Misc. 2d 243, 284 N.Y.S.2d 908 (1967).

We conclude that plaintiff was seeking money damages on account of personal injuries allegedly suffered by him.

Accordingly, this action was included within the provisions of § 13-920. The plaintiff having failed to comply with the provisions of that section of the Political Subdivisions Tort Claims Act by submitting his claim in writing to the governing body of Douglas County within 1 year, the court had no jurisdiction over the subject matter of this action, and defendants' joint demurrer was properly sustained.

The judgment of the district court is affirmed.

AFFIRMED.