MICHAEL J. KNIGHT, APPELLANT, V. ROBERT G. HAYS,
APPELLEE.
544 N.W.2d 106

Filed February 27, 1996.  No. A–94–701.

Michael J. Knight, pro se.

Gary E. Lacey, Lancaster County Attorney, and Michael E. Thew for appellee.

MILLER–LERMAN, Chief Judge, and IRWIN and MUES, Judges.

MILLER–LERMAN, Chief Judge.

## FACTS

On December 6, 1990, Michael J. Knight was convicted by a jury of conspiracy to commit first degree murder (prior action). On December 10, 1991, Knight filed a petition in the district court for Lancaster County alleging that Robert G. Hays, a deputy public defender, committed professional

malpractice in connection with the defense of Knight in the prior action. The petition states that Hays failed to perform a variety of duties in connection with the defense of Knight in the prior action and that Knight suffered physical and mental injuries as a result of his conviction and additionally suffered monetary damages consisting of lost wages and lost employment opportunities due to his incarceration.

On December 31, 1991, Hays filed a demurrer claiming that the court lacked subject matter jurisdiction pursuant to Neb. Rev. Stat. § 25-806 (Reissue 1989). Knight opposed the demurrer. Neither the specific basis for the demurrer nor the ruling on the demurrer are contained in the record, but the parties agree that the demurrer was overruled.

On February 27, 1992, Hays filed his answer, alleging that the court lacked subject matter jurisdiction. Knight replied. On April 16, 1993, Hays filed a motion to amend his answer, which motion the court granted. In his amended answer, Hays alleges that Knight failed to comply with the notice requirements of Neb. Rev. Stat. § 13-905 (Reissue 1991) of the Political Subdivisions Tort Claims Act. Knight replied to the amended answer, alleging that he was not suing a political subdivision or its employee and that his claims against Hays were individual in nature and were not filed against Hays involving circumstances under which Hays was acting under color of state law.

On January 24, 1994, Hays filed a motion for summary judgment pursuant to Neb. Rev. Stat. § 25-1331 (Reissue 1989). Attached to the motion were the affidavits of Lancaster County Public Defender Dennis Keefe and Lancaster County Clerk Denis Fettinger.

The Keefe affidavit states that during the relevant time period in connection with the prior action, Hays was appointed as an assistant public defender, Hays was an employee of Lancaster County, Hays was prohibited from engaging in the private practice of law during this period, and Hays was acting in the scope and course of his employment as an assistant public defender in connection with his representation of Knight. The Fettinger affidavit states that Fettinger was acting county clerk in and for Lancaster County, that he was responsible for receiving tort claims filed under the Political Subdivisions Tort

Claims Act, and that a review of official records did not reveal notice of a tort claim filed against Lancaster County or any of its employees by Knight in connection with the prior action.

A hearing was held on June 6, 1994, at which the pleadings and affidavits of Keefe and Fettinger were received in evidence, and the court heard oral arguments. On June 16, the district court sustained Hays' motion for summary judgment and ordered the case dismissed. The basis of the trial court's ruling was that § 13–905 of the Political Subdivisions Tort Claims Act requires that notice be filed with the clerk, secretary, or other official as a condition precedent to bringing a suit based in tort against an employee of a political subdivision and that Knight had failed to file such a notice. Knight appeals from this dismissal. For the reasons recited below, we affirm.

## ASSIGNMENT OF ERROR

Phrased in a variety of ways, Knight claims on appeal that the district court erred in granting Hays' motion for summary judgment.

## STANDARD OF REVIEW

The Nebraska Supreme Court has recently repeated the scope of appellate review of summary judgments. The Nebraska Supreme Court has stated:

> The party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that the moving party is entitled to judgment as a matter of law. After a movant for summary judgment has shown facts entitling the movant to judgment as a matter of law, the opposing party has the burden to present evidence showing an issue of material fact which prevents judgment as a matter of law for the moving party. *Wagner v. Pope*, 247 Neb. 951, 531 N.W.2d 234 (1995).

> In reviewing an order granting a motion for summary judgment, an appellate court views the evidence in a light most favorable to the party opposing the motion and gives that party the benefit of all reasonable inferences deducible from the evidence. *Medley v. Davis*, 247 Neb. 611, 529 N.W.2d 58 (1995).

> Summary judgment is to be granted only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Krohn v. Gardner, ante* p. 210, 533 N.W.2d 95 (1995).

*Oliver v. Clark*, 248 Neb. 631, 635–36, 537 N.W.2d 635, 639 (1995). See, also, *Hearon v. May*, 248 Neb. 887, 540 N.W.2d 124 (1995).

## ANALYSIS

The trial court granted Hays' motion for summary judgment and dismissed the case on the basis that Knight failed to give timely notice of his intention to sue Hays, as required under the Political Subdivisions Tort Claims Act. Our review of the record shows that the trial court properly granted Hays' motion for summary judgment on this basis.

Knight argues that his petition makes allegations against Hays individually and that, therefore, the Political Subdivisions Tort Claims Act does not apply to this case. We do not agree.

In *Gallion v. O'Connor*, 242 Neb. 259, 494 N.W.2d 532 (1993), the Nebraska Supreme Court found that allegations against a Douglas County assistant public defender comparable to those in Knight's petition amounted to a suit seeking money damages on account of personal injuries, as contemplated by and included in Neb. Rev. Stat. § 13–920 (Reissue 1991). In *Gallion*, the Nebraska Supreme Court concluded that the suit therein was one commenced against an employee of a political subdivision for money and, therefore, was a suit under the Political Subdivisions Tort Claims Act. Although Knight suggests in his brief that his suit may sound in contract, a review of the petition shows otherwise. A review of the petition's essential factual allegations by which Knight seeks relief shows that the allegations are based in tort. See *Cimino v. FirsTier Bank*, 247 Neb. 797, 530 N.W.2d 606 (1995). We, therefore, conclude that the instant action was subject to the provisions of the Political Subdivisions Tort Claims Act.

Neb. Rev. Stat. § 13–902 (Reissue 1991) of the Political Subdivisions Tort Claims Act provides as follows:

The Legislature hereby declares that no political subdivision of the State of Nebraska shall be liable for the torts of its officers, agents, or employees, and that no suit shall be maintained against such political subdivision on any tort claim except to the extent, and only to the extent, provided by sections 13–901 to 13–926, 16–727, 16–728, 23–175, 39–809, and 79–489. The Legislature further declares that it is its intent and purpose through this enactment to provide uniform procedures for the bringing of tort claims against all political subdivisions, whether engaging in governmental or proprietary functions, and that the procedures provided by sections 13–901 to 13–926, 16–727, 16–728, 23–175, 39–809, and 79–489 shall be used to the exclusion of all others.

Section 13–905 provides:

All tort claims under sections 13–901 to 13–926, 16–727, 16–728, 23–175, 39–809, and 79–489 shall be filed with the clerk, secretary, or other official whose duty it is to maintain the official records of the political subdivision, or the governing body of a political subdivision may provide that such claims may be filed with the duly constituted law department of such subdivision. It shall be the duty of the official with whom the claim is filed to present the claim to the governing body. All such claims shall be in writing and shall set forth the time and place of the occurrence giving rise to the claim and such other facts pertinent to the claim as are known to the claimant.

Section 13–920(1) reads as follows:

No suit shall be commenced against any employee of a political subdivision for money on account of damage to or loss of property or personal injury to or the death of any person caused by any negligent or wrongful act or omission of the employee while acting in the scope of his or her office or employment occurring after May 13, 1987, unless a claim has been submitted in writing to the governing body of the political subdivision within one year after such claim accrued in accordance with section 13–905.

■ A lawsuit brought under the Political Subdivisions Tort Claims Act rests upon a waiver of immunity. The waiver is conditional and is set out in statutory provisions establishing procedures which must be followed to proceed against the subdivision and its employees. *J.L. Healy Constr. Co. v. State*, 236 Neb. 759, 463 N.W.2d 813 (1990).

■ In *Millman v. County of Butler*, 235 Neb. 915, 458 N.W.2d 207 (1990), the Nebraska Supreme Court concluded that compliance with the notice requirement of the Political Subdivisions Tort Claims Act is not a jurisdictional prerequisite for a negligence action brought under the act, but, instead, filing or presenting a claim against a political subdivision is a condition precedent for a claimant's right to commence a tort action against a political subdivision and, logically, against its officers, agents, and employees. As stated in *Schmid v. Malcolm Sch. Dist.*, 233 Neb. 580, 477 N.W.2d 20 (1989), filing or presenting a tort claim against a political subdivision is a procedural matter. We note that in *Gallion v. O'Connor*, 242 Neb. 259, 494 N.W.2d 532 (1993), the Nebraska Supreme Court affirmed the sustaining of a demurrer by the district court based on plaintiff's failure to comply with the notice requirements of the Political Subdivisions Tort Claims Act. Although in *Gallion*, the Nebraska Supreme Court referred to this procedural defect as "jurisdiction[al]," 242 Neb. at 262, 494 N.W.2d at 534, we believe that *Millman*, which holds that the notice requirements of the Political Subdivisions Tort Claims Act are not jurisdictional, controls this case.

■ In *Millman*, 235 Neb. at 930-31, 458 N.W.2d at 217, the Nebraska Supreme Court stated that

> under the Political Subdivisions Tort Claims Act, a plaintiff does not have immediate and unrestricted access to a court for redress on account of a political subdivision's negligence, but, rather, has a qualified right to commence a negligence action, or, more simply, has a limitation on the right to commence a tort action against a political subdivision in the form of a precedent filed claim prescribed by § 13-905.

The *Millman* court also stated that although noncompliance with the notice requirement affords a political subdivision a defense

to a negligence action under the Political Subdivisions Tort Claims Act, a general denial will not raise the issue of noncompliance, which must be raised as an affirmative defense specifically alleging noncompliance, with the notice requirement of § 13-905. Failure to allege the affirmative defense of noncompliance with the notice requirements of § 13-905 results in a waiver of that defense. *Millman, supra.* By asserting a plaintiff's noncompliance with § 13-905 as an affirmative defense, the question of whether "plaintiff has in fact filed a complaint in compliance with § 13-905 may be properly raised and preserved for disposition in a summary judgment." *Id.* at 934, 458 N.W.2d at 219. See *Pritchard v. State*, 163 Ariz. 427, 788 P.2d 1178 (1990). Where a defendant alleges noncompliance with the notice requirement in a demurrer or an answer, the plaintiff has the burden to show compliance with the notice requirement. *Millman, supra; Thompson v. City of Aurora*, 263 Ind. 187, 325 N.E.2d 839 (1975).

In the instant case, Hays alleged in his amended answer the affirmative defense of noncompliance with "the notice requirement contained in Neb.Rev.Stat. §13-905," thus preserving the defense of noncompliance. Knight's reply to the amended answer asserted in essence that § 13-905 was not applicable to this case. Noncompliance with the notice requirement of § 13-905 was the basis of Hays' motion for summary judgment. A review of the record at the hearing on the motion for summary judgment shows that Hays established by reference to the petition that the case was subject to the Political Subdivisions Tort Claims Act and by reference to the affidavits of Keefe and Fettinger that Knight had not given timely notice, as required by §§ 13-905 and 13-920(1). Following Hays' showing, Knight did not claim or offer evidence of compliance with the notice requirement, and none can be found in the record.

Based on the foregoing, viewing the evidence most favorably to Knight, as we must, we conclude that, as a matter of law, Hays' motion for summary judgment was properly granted. The record demonstrates that the subject matter of Knight's allegations makes the petition subject to the Political

Subdivisions Tort Claims Act and that Knight failed to comply with the notice requirement of the act, timely compliance with which is a condition precedent to bringing a suit of this nature. The trial court properly sustained Hays' motion for summary judgment and properly dismissed the petition.

AFFIRMED.