judge "by oath or affirmation."[7] Without the name of any officer (or perhaps even a "John Doe" designation of some officer identified by means of the office he or she held), the application wholly failed to support issuance of a writ.

But instead of simply denying the writ, the district court, without any citation to authority under the habeas corpus statutes, directed the State to file a response. At this point, the court ceased to follow the procedure dictated by the habeas corpus statutes and basically made up its own procedure. It is the duty of the court on presentation of a petition for a writ of habeas corpus to examine it, and if it fails to state a cause of action, the court must enter an order denying a writ.[8] If the district court had simply followed the statutory procedure and summarily denied the writ for failure to comply with the statutes, this appeal would have been very straightforward. And this court would have had no need to discuss jurisdiction, venue, waiver, and the requirement to attach a copy of the commitment.

I do not disagree with the majority's reasoning or conclusion or the law that it cites. The district court's irregular procedure introduced complexity into an otherwise simple process. I write separately to encourage trial courts not to follow the trail blazed by the court below, but, rather, to adhere to the simple statutory procedure.

---

[7] § 29-2801.

[8] See *Dixon v. Hann*, 160 Neb. 316, 70 N.W.2d 80 (1955).

---

State of Nebraska, appellant, v.
Renae K. Warner, appellee.
___ N.W.2d ___

Filed May 22, 2015.    No. S-14-345.

1. **Jurisdiction: Appeal and Error.** An appellate court determines a jurisdictional question that does not involve a factual dispute as a matter of law.
2. ____: ____. Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.

3. **Criminal Law: Judgments: Jurisdiction: Appeal and Error.** In the absence of specific statutory authorization, the State, as a general rule, has no right to appeal an adverse ruling in a criminal case.

4. \_\_\_\_: \_\_\_\_: \_\_\_\_: \_\_\_\_. Neb. Rev. Stat. § 29-2315.01 (Reissue 2008) grants the State the right to seek appellate review of adverse criminal rulings and specifies the special procedure by which to obtain such review. Strict compliance with § 29-2315.01 is required to confer jurisdiction.

5. **Prosecuting Attorneys: Final Orders: Appeal and Error.** By its language, Neb. Rev. Stat. § 29-2315.01 (Reissue 2008) clearly requires that an error proceeding cannot be brought until after a "final order" has been entered.

6. **Criminal Law: Final Orders.** A judgment entered during the pendency of a criminal cause is final when no further action is required to completely dispose of the cause pending.

7. **Prosecuting Attorneys: Final Orders: Appeal and Error.** The test of finality of an order or judgment for the purpose of appeal under Neb. Rev. Stat. § 29-2315.01 (Reissue 2008) is whether the particular proceeding or action was terminated by the order or judgment.

Appeal from the District Court for Lancaster County: Jodi Nelson, Judge. Appeal dismissed.

Joe Kelly, Lancaster County Attorney, Ryan Mick and Richard Grabow, and Meridith Wailes, Senior Certified Law Student, for appellant.

Dennis R. Keefe, Lancaster County Public Defender, and John C. Jorgensen for appellee.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Miller-Lerman, J.

## NATURE OF CASE

The State filed this appeal as an error proceeding pursuant to Neb. Rev. Stat. § 29-2315.01 (Reissue 2008). In this criminal case, Renae K. Warner was charged with two felony counts of theft by deception, Neb. Rev. Stat. § 28-512 (Reissue 2008). The information alleged that Warner had written 55 bad checks on an account at one bank, constituting one felony count, and 23 bad checks on an account at a second bank, constituting the second felony count. Based on its reading of § 28-512, the district court for Lancaster County reasoned that the State should have aggregated all of

the alleged incidents into a single count of theft by deception rather than charging two separate counts and, therefore, sustained Warner's motion to quash the information. Although it sustained the motion to quash, the court gave the State 7 days to file an amended information. Instead of filing an amended information within that time, the State filed an application to docket error proceedings.

A threshold issue in this appeal is whether, under § 29-2315.01, the State may appeal an order which sustained a motion to quash but allowed the State time to file an amended information. We conclude that because there was no final order, the State may not take an appeal under § 29-2315.01 and we lack jurisdiction to consider this error proceeding. We therefore dismiss this appeal.

## STATEMENT OF FACTS

The State filed an information against Warner in which it alleged that she had committed theft by deception in violation of § 28-512 when she wrote numerous bad checks drawn on accounts at two different banks. The State charged Warner with two counts of theft by deception—one count related to checks drawn on the first bank and a second count related to checks drawn on the second bank. The State alleged that each count involved over $1,500 and was therefore a separate Class III felony under Neb. Rev. Stat. § 28-518(1) (Cum. Supp. 2014).

Warner filed a motion to quash and asserted that the State had inappropriately charged the incidents as two counts. She argued that pursuant to § 28-518(7), the allegations should have been charged as one offense. Section 28-518(7) provides: "Amounts taken pursuant to one scheme or course of conduct from one or more persons may be aggregated in the indictment or information in determining the classification of the offense, except that amounts may not be aggregated into more than one offense."

The district court sustained Warner's motion to quash and provided its rationale. The court explained that prior to an amendment that was effective August 30, 2009, § 28-518(7) did not refer to "one or more persons" and instead it referred

to "[a]mounts taken pursuant to one scheme or course of conduct from one person." The court stated that the amended language "has to mean something," and the court therefore concluded that the allegations in this case could not be charged as more than one offense even though the allegations involved two different banks. In its order filed April 10, 2014, the court sustained Warner's motion to quash, but the court further stated that the State "is given 7 days to file an Amended Information, if it chooses to do so." The court set arraignment on any amended information for April 28 and ordered Warner to appear. No party sought dismissal, and the district court did not dismiss the case.

The State did not file an amended information. Instead, on April 17, 2014, the State filed an application for leave to docket an appeal of the April 10 order pursuant to § 29-2315.01. On April 17, the district court signed off on the application, stating that it found that the application had been timely filed and was in conformity with the truth. The court further found that the part of the record that the State proposed to present on appeal was adequate for a proper consideration of the matter. The State filed the application with the Nebraska Court of Appeals on April 18.

On May 21, 2014, the Court of Appeals granted the State's application for leave to docket error proceedings. Thereafter, we moved the case to our docket on our own motion. Warner moved this court to dismiss the appeal for the reason that the district court's ruling was not a final order and we lacked jurisdiction. We overruled Warner's motion for summary dismissal without prejudice to future dismissal for lack of jurisdiction. We allowed both parties the opportunity to address the jurisdictional issue in their briefs. As discussed below, we find the jurisdictional issue to be dispositive and dismiss this appeal.

## ASSIGNMENT OF ERROR

The State claims that the district court erred when it sustained Warner's motion to quash and argues that it properly charged Warner with two counts of theft by deception because she engaged in two separate schemes.

## STANDARD OF REVIEW

[1] An appellate court determines a jurisdictional question that does not involve a factual dispute as a matter of law. *State v. Smith*, 288 Neb. 797, 851 N.W.2d 665 (2014).

## ANALYSIS

[2] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *State v. Alfredson*, 287 Neb. 477, 842 N.W.2d 815 (2014). Therefore, we first consider Warner's argument that the April 10, 2014, order was not a final order from which the State could properly bring an error proceeding. We agree with Warner that there was no final order as required under § 29-2315.01, and we therefore conclude that we do not have jurisdiction to consider this error proceeding and dismiss this appeal.

[3,4] In the absence of specific statutory authorization, the State, as a general rule, has no right to appeal an adverse ruling in a criminal case. *State v. Penado*, 282 Neb. 495, 804 N.W.2d 160 (2011). Section 29-2315.01 grants the State the right to seek appellate review of adverse criminal rulings and specifies the special procedure by which to obtain such review. *State v. Penado, supra*. This court has consistently maintained that strict compliance with § 29-2315.01 is required to confer jurisdiction. *State v. Penado, supra*.

[5] Section 29-2315.01 generally provides that a prosecuting attorney may take exception to a ruling or decision by presenting to the trial court an application for leave to docket an appeal and, then, after the trial court has made certain determinations, presenting the application to the appellate court. With regard to the time for presenting the application to the respective courts, §29-2315.01 provides that the "application shall be presented to the trial court within twenty days *after the final order is entered* in the cause" and that "[t]he prosecuting attorney shall then present such application to the appellate court within thirty days *from the date of the final order*." (Emphasis supplied). By its language, the statute clearly requires that an error proceeding cannot be brought until after a "final order" has been entered.

[6,7] In considering the final order requirement in the context of § 29-2315.01, we have stated the following: "A judgment entered during the pendency of a criminal cause is final when no further action is required to completely dispose of the cause pending." *State v. Penado*, 282 Neb. at 500, 804 N.W.2d at 164. The test of finality of an order or judgment for the purpose of appeal is whether the particular proceeding or action was terminated by the order or judgment. *Id*.

The Nebraska appellate courts have previously concluded in several cases that jurisdiction over error proceedings brought under § 29-2315.01 was lacking when the State appealed from an order that was not a final order. For example, in *State v. Penado, supra*, we concluded that we lacked jurisdiction when the State attempted to appeal from an order in which the district court found that the defendant was not competent to stand trial; we reasoned that because the order did not terminate the proceedings and further action was required to completely dispose of the cause, the order was not a final order as required by § 29-2315.01. In *State v. Wieczorek*, 252 Neb. 705, 565 N.W.2d 481 (1997), we concluded that we were without jurisdiction to consider an error proceeding because, although the trial court directed verdict on three of four counts, the defendant was convicted of the fourth count and sentencing had not yet occurred on that count when the State filed its application for leave to docket an appeal. See, also, *State v. Coupens*, 20 Neb. App. 485, 825 N.W.2d 808 (2013) (order granting defendant's motion to dismiss one of two counts on speedy trial grounds not final order from which State could take error proceedings, because second count still pending and order did not dispose of action).

In the present case, the district court filed an order on April 10, 2014, in which it sustained Warner's motion to quash but stated that the State "is given 7 days to file an Amended Information, if it chooses to do so." In the order, the court also set arraignment on any amended information for April 28 and ordered Warner to appear. Within 20 days after the April 10 order, the State presented to the district court an application for leave to docket an appeal of the April 10 order, and within 30 days of the order, the State presented the

application to the Court of Appeals. Therefore, if the April 10 order was a final order, the State met the time requirements of § 29-2315.01.

We determine on this record, however, that because further action was required to completely dispose of the cause in the district court, the April 10, 2014, order did not terminate the proceedings below and was not a final order for purposes of § 29-2315.01. The court sustained Warner's motion to quash but allowed the State time to amend the information. No party sought dismissal, and the district court did not dismiss the case, a circumstance upon which we have previously commented. In *Dobrusky v. State*, 140 Neb. 360, 363, 299 N.W. 539, 541 (1941), the district court filed an order in which it sustained the defendant's motion to quash the information, but "the trial court neither dismissed the proceedings nor discharged the defendant." This court found the situation "to be analogous to sustaining a general demurrer in a civil case, not followed by the dismissal of the action" and noted that "it clearly appears from the record presented that the district court by the limitations of its order has, in effect, retained jurisdiction to have a disposal of this case made on the merits in the regular course of proceedings." *Id*. This court concluded that "it cannot be said that the mere sustaining of the motion to quash operated as a discharge of the defendant by due course of law, when the trial court refrained from entering such a judgment." *Id*. Applying the principles to which reference is made in *Dobrusky* to the present case, the April 10 order was not a final order.

We have recently reached a similar conclusion with respect to a civil case. In *Nichols v. Nichols*, 288 Neb. 339, 346-47, 847 N.W.2d 307, 313-14 (2014), we stated that "no appeal can be taken from an order that grants a motion to dismiss a complaint but allows time in which to file an amended complaint." We reasoned in *Nichols* that "such a conditional order is not a judgment" and therefore not a final judgment for purposes of determining whether the order is appealable. *Id*. at 347, 847 N.W.2d at 314. The appeal in *Nichols* was dismissed.

In the present case, not only did the district court in the April 10, 2014, order refrain from dismissing the action, the

court affirmatively allowed the State time to file an amended information and scheduled a date for an arraignment on any amended information that might be filed. Furthermore, the record reveals that after the State filed its application for error proceedings, the district court held a hearing at which counsel for both parties were present and thereafter filed an order stating that further proceedings in the district court were stayed pending resolution of the State's error proceeding.

It therefore cannot be said that the April 10, 2014, order terminated the proceedings in this case or that no further action was required to completely dispose of the cause pending in the district court. According to the record, the court contemplated further proceedings, and the court stayed proceedings pending resolution of this appeal. We therefore determine that the April 10 order was not a "final order" within the meaning of § 29-2315.01, and we conclude that we lack jurisdiction to consider the error proceeding brought by the State.

For completeness, we note that the State suggests that even if we conclude that the district court's order of April 10, 2014, is not a final order under § 29-2315.01, we should nevertheless consider the substance of this appeal, because the issue the State raises could evade review. The State cites the Nebraska Supreme Court's decision in *State v. Bourke*, 237 Neb. 121, 464 N.W.2d 805 (1991), in which the State appealed an order in which the district court sustained in part a motion to quash an information and declared unconstitutional a part of the statute pursuant to which the defendant was being charged. In *Bourke*, the Nebraska Supreme Court stated: "Although it is possible that this issue is not appealable as a final order at this time, we consider it, since in its posture it could evade review at a later time." 237 Neb. at 122, 464 N.W.2d at 806. The State asserts that the issue it raises in this appeal regarding whether crimes can be separately charged under § 28-512 could similarly evade review.

We do not accept the State's suggestion that we consider the merits of this appeal notwithstanding the absence of a final order. We do not agree with the State that the substance of its claim would truly "evade review" where the State could still bring an error proceeding to raise the claim after

the prosecution in the instant case is completed and a final order has been entered. While it is possible that the specific defendant in this case could "evade" conviction in the manner in which the State originally charged the defendant, the legal issue could still be reviewed by an appellate court in an error proceeding brought by the State after a final order is entered in this prosecution. And although double jeopardy may prevent the State from retrying this specific defendant if the State's arguments regarding § 28-512 succeed on appeal and the exception is sustained, we have recognized that "[t]he purpose of appellate review pursuant to § 29-2315.01 is to provide an authoritative exposition of the law to serve as precedent in future cases." *State v. Figeroa*, 278 Neb. 98, 101, 767 N.W.2d 775, 779 (2009).

We are aware that this court has recognized a public interest exception to the mootness doctrine when an issue might otherwise evade appellate review. See, e.g., *In re Interest of Elizabeth S.*, 282 Neb. 1015, 809 N.W.2d 495 (2012). However, the exception cannot be used to overcome specific statutory limits on an appellate court's jurisdiction, such as the "final order" requirement in §29-2315.01. We therefore disapprove *State v. Bourke, supra*, to the extent it suggests that there are circumstances in which an appellate court may consider the merits of an error proceeding even though the appellate court lacks jurisdiction under § 29-2315.01.

## CONCLUSION

We conclude that the April 10, 2014, order was not a final order under § 29-2315.01 and that we lack jurisdiction to consider this error proceeding. We therefore dismiss the State's appeal.

Appeal dismissed.