429 A.2d 1180

COMMONWEALTH of Pennsylvania

v.

Ricky Allen GREEN, Appellant.

Superior Court of Pennsylvania.

Submitted March 6, 1980.

Filed May 15, 1981.

Kenneth L. Rotz, Assistant Public Defender, Gettysburg, for appellant.

Robert Teeter, Assistant District Attorney, Gettysburg, for Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and MONTGOMERY, JJ.

WATKINS, Judge:

This is an appeal from the Court of Common Pleas of Adams County and involves defendant's appeal from a judgment of sentence entered against him after he was convicted by a jury of making terroristic threats in violation of *18 Pa.C.S.A. 2706.* The defendant claims, inter alia, that the statute setting forth the offense is unconstitutionally vague and infringes upon his right to free speech.

Viewed in the light most favorable to the verdict winner, the facts of the case establish that: On June 25, 1978, the defendant went to the home of Francis Hartlaub, the defendant's mother resides in the Hartlaub household. After his mother asked him to leave, the defendant said, "I came here to get one thing accomplished and I ain't gonna leave until I get it accomplished". He also stated, "I'm gonna go in and get the mother fucker", and "I'm gonna kill him before the night is over".

After entering the house the defendant got hit with a club after threatening to kill Hartlaub. Upon leaving he stated, "I'll be back. I'm going to get you, you, mother fucker. I'm going to blow your brains out".

The statute of which the defendant was convicted of violating provides as follows:

"2706. Terroristic threats

A person is guilty of a misdemeanor of the first degree if he threatens to commit any crime of violence with intent to terrorize another or to cause evacuation of a building, place of assembly, or facility of public transportation, or otherwise to cause serious public inconvenience, or in reckless disregard of the risk of causing such terror or inconvenience.

1972, Dec. 6, P.L. ——, No. 334, 1, eff. June 6, 1973."

The defendant claims that the statute is unconstitutionally vague citing *Commonwealth v. Howell,* 1 D & C 3rd 644 (1976) in support of his contention. That case held that the statute is so vague and indefinite so as to render it unconstitutional. However, in *Commonwealth v. Perry,* 9 D & C 3rd

13 (1978) the court held that the statute is not so vague so as to be unconstitutional. In its opinion, the court below also found the statute to be valid stating:

"Were this not a case involving speech, the constitutionality of the statute would be measured against the facts of the case to see if the statute gives reasonable notice of the conduct which it proscribes to a person charged with violating its interdiction. *Commonwealth v. Heinbaugh*, 467 Pa. 1, 354 A.2d 244 (1976). However, since this case involves spoken words, the scrutiny is directed at whether, on its face, the statute gives such notice. *Id.*

"[I]f judged by the facts of the case, it is readily apparent that defendant should have known that his conduct was illegal. If judged facially, we conclude that the statute gives the fair notice required by such cases as *Commonwealth v. Heinbaugh*, supra, and *Commonwealth v. Zasloff*, 338 Pa. 457, 13 A.2d 67 (1940).

"It is well-settled law that a statute prohibiting speech may be saved from vagueness if the legislative body has required a specific intent to do a prohibited act, even when the affected conduct might be susceptible of varying interpretations. Thus, a congressional provision prohibiting interstate telephone calls made 'solely to harass any person at the called number' was upheld in *U. S. v. Lampley*, 573 F.2d 783 (1978). The court cited *Screws v. U. S.*, 325 U.S. 91, 101–02, 65 S.Ct. 1031, 1035, 89 L.Ed. 1495 (1945), in saying:

(t)he Court, indeed, has recognized that the requirement of a specific intent to do a prohibited act may avoid those consequences to the accused which may otherwise render a vague or indefinite statute invalid . . . (W)here the punishment imposed is only for an act knowingly done with the purpose of doing that which the statute prohibits, the accused cannot be said to suffer from lack of warning or knowledge that the act which he does is a violation of law.

"18 Pa.C.S.A. 2706 requires either 'an intent to terrorize' or 'reckless disregard of the risk of cause of such terror.'

Recklessness requires that (1) the actor is aware of a substantial and unjustifiable risk, and (2) he must consciously disregard that risk, 18 Pa.C.S.A. 302(3), and the jury was so instructed. N.T., p. 90. Of course, there is a great deal of difference between a specific intent and recklessness but both require knowledge. This court is of the opinion that 'terror' and 'terrorize' are words of common usage and meanings capable of being readily understood. In light of the requirement of awareness of the risk of causing terror, we feel that the statute gives ample notice of the type of conduct it proscribes. Thus, we reject defendant's contentions and hold the statute constitutional."

In *Commonwealth v. Perry*, supra, Judge Kelton, of the Court of Common Pleas of Bucks County stated:

"As to the word 'terrorize,' we hold that it does describe a type of activity with sufficient precision to put a person on notice. While we know of no appellate authority in this state further defining the term, two Federal district courts have refused to enjoin state prosecutions under somewhat similar statutes where unconstitutional vagueness was asserted. In *Armstrong v. Ellington*, 312 F.Supp. 1119, 1126 (W.D.Tenn.1970), the court stated: '[Terrorizing] means to reduce to terror by violence or threats, and terror means an extreme fear or fear that agitates body and mind. We hold that "terrorizing" is specific enough and within the appropriate area in which the State of Tennessee might protect the citizens even though expression might be involved.' Likewise, in *Masson v. Slaton*, 320 F.Supp. 669 (N.D.Ga.1970), a strikingly similar terroristic threat statute was held not to be invalid. The court ruled that there was nothing vague or indefinite in a prohibition against threatening to burn or damage property '... with the purpose of terrorizing another...'

"In *State v. Gunzelman*, 210 Kan. 481, 502 P.2d 705 (1972), on an appeal from a terroristic threat conviction, the Supreme Court of Kansas examined a statute very

similar to our section 2706 to determine whether it was void for vagueness. Appellant there used the same argument posited by Mr. Perry, namely, that the statute was meant to apply to situations where threats were directed at public institutions, and not at threats directed at the person or property of an individual. In *Gunzelman*, the threats were made against a police officer who had arrested one of defendant's employes and the words used, i. e., to 'get you,' were virtually identical to Perry's. Although the court reversed defendant's conviction on other grounds which are not relevant herein and directed a new trial, the statute itself was found to be constitutional. The court said:

"Although the statute may have been directed at campus unrest, fire and bomb threats to public buildings, and acts of mob violence the main elements of the offense are threats communicated with a specific intent to terrorize another. The wording of the statute appears sufficient to proscribe such threats whether directed generally against one or more persons and regardless of the purpose which the terrorist has in mind to accomplish." *Gunzelman*, supra, at 210 Kan. 486, 705 P.2d 710. The court also held that the term 'terrorize' was sufficiently precise to inform the average reader of the type of conduct it referred to.

"In disposing of vagueness challenges to other sections of the Crimes Code, both the harassment section: *Com. v. Duncan*, 239 Pa.Super. 539, 363 A.2d 803 (1976); and the failure to disperse section: *Com. v. DeFrancesco*, 75 D. & C.2d 502, 27 Bucks 182 (1975), aff'd. by Superior Court per curiam at 240 Pa.Super. 705, 360 A.2d 235 (1976); have been found to be sufficiently definite to inform a person of average intelligence that a certain type of conduct was prohibited. See also *Com. v. Heinbaugh*, supra, as to the open lewdness section. By analogy, we hold that the terroristic threats section also gives adequate notice and thus is constitutional under both Federal and Pennsylvania due process standards."

We agree with the analysis of the court in the *Perry* case. The word "terrorize" does describe a category of activity with the requisite precision to place a person on notice as to what conduct is proscribed by the statute. We also hold that the state has a sufficient interest in the welfare of its citizens so as to enable it to proscribe people from making terroristic threats to other people even though expression may be involved. Thus we hold that the statute is not unconstitutionally vague.

The defendant also contends that there was not sufficient evidence produced at trial to convict him. The defendant claims that the Commonwealth failed to produce evidence to the effect that he possessed the requisite intent to put the victim "into a state of extreme fear or fear which agitates the body and mind". We do not agree. The record is replete with testimony of the defendant's threats to "kill" the victim and "to blow his brains out" with a gun. The record further indicates the terror of the victim and describes the defendant's demeanor as "worse than a mad animal" and "like a wild animal". This evidence establishes that the defendant did indeed manifest "the intent to terrorize" the victim. Thus, the defendant's second contention must fail.

The defendant's final contention is that the trial court abused its discretion in overruling the defendant's motion for a mistrial. During the trial a witness testified that the police had detained the defendant and had removed a gun from his case. However, the witness had not observed this and the police were not present during the trial. The defendant objected to this testimony, his objection was sustained by the trial court, and the court gave the jury a cautionary instruction to the effect that it should disregard the testimony. Another witness also testified to the same incident. The court again instructed the jury to disregard the testimony but refused defendant's motion for a mistrial. The decision to declare a mistrial is "within the sound discretion of the trial judge and his ruling thereon will not be reversed absent an abuse of discretion." *Commonwealth*

*v. Conti*, 236 Pa.Super. 488, 345 A.2d 238 (1975). In the instant case the court below issued prompt cautionary instructions to the jury immediately after sustaining defendant's objections to the impermissible hearsay. Because the improper testimony was not unduly inflammatory, was inadvertent, and because of the court's prompt instructions to the jury directing it to disregard the testimony, we hold that the court below did not abuse its discretion in refusing to grant a mistrial.

Judgment of sentence affirmed.

CERCONE, President Judge, concurs in the result.