STATE OF NEBRASKA, APPELLANT, V. RANDAL G. MAYO, APPELLEE.

464 N.W.2d 798

Filed January 25, 1991.   No. 90-178.

Charles W. Campbell, York County Attorney, for appellant.

James H. Truell for appellee.

HASTINGS, C.J., WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ., and COLWELL, D.J., Retired.

PER CURIAM.

Pursuant to Neb. Rev. Stat. §§ 29-2315.01 to 29-2316 (Reissue 1989), the York County Attorney has filed error proceedings in this court, taking exception to the determination of the district court for York County that Neb. Rev. Stat. § 28-311.01(1)(c) (Reissue 1989) is unconstitutionally vague and uncertain. We sustain the exception and remand the cause to the district court for further proceedings.

Section 28-311.01 provides:

(1) A person commits terroristic threats if he or she threatens to commit any crime of violence:

(a) With the intent to terrorize another;

(b) With the intent of causing the evacuation of a building, place of assembly, or facility of public transportation; or

(c) In reckless disregard of the risk of causing such terror or evacuation.

(2) Terroristic threats is a Class IV felony.

It was alleged by information that on or about October 10, 1989, in York County, Nebraska, Randal G. Mayo threatened to commit any crime of violence with the intent to terrorize another or in reckless disregard of the risk of causing such terror. Mayo filed a motion for declaration of unconstitutionality requesting that the statute be declared unconstitutional "for the reason that it is vague, over-broad, and does not set standards upon which an individual may be

properly informed of the commission of a crime." On January 26, 1990, the district court entered an order declaring, "Section 28-311.01 (1) (c) is unconstitutionally vague and is so uncertain that an ordinary person cannot intelligently choose in advance what course of conduct is lawful or unlawful under that section." The court further struck the language "or in reckless disregard of the risk of causing such terror" from the information. Section 28-311.01(1)(a) was found to be constitutional by the court. On that portion of the statute, the court set the matter for arraignment on February 27, 1990, and for trial to a jury on March 19, 1990.

Under authority of § 29-2315.01, on February 7, 1990, the York County Attorney filed an application with the district court for York County for leave to file error proceedings in this court. It was and remains the county attorney's position that the district court erred in finding § 28-311.01(1)(c) unconstitutional. The district court found that the application was timely presented, that it was in conformity with § 29-2315.01, and that the part of the record which the county attorney proposed to present to this court was adequate for proper consideration of the matter. Thereafter, the application was timely presented to this court.

This identical issue was today considered in *State v. Bourke, ante* p. 121, 464 N.W.2d 805 (1991). In *Bourke*, we held that as used in § 28-311.01(1)(c), the phrase "reckless disregard of the risk of causing such terror or evacuation" is not unconstitutionally vague. That case is controlling and disposes of the sole issue in this case. This cause is remanded to the district court for further proceedings.

EXCEPTION SUSTAINED, AND CAUSE REMANDED
FOR FURTHER PROCEEDINGS.

CAPORALE and FAHRNBRUCH, JJ., and COLWELL, D.J., Retired, dissent for the reasons stated in the dissent to *State v. Bourke, supra.*