STATE OF NEBRASKA, APPELLANT, V.
ZACHARY D. MERRILL, APPELLEE.
731 N.W.2d 570

Filed May 18, 2007. No. S-06-081.

Susan P. Buettner, Deputy Lancaster County Attorney, and Jeremy Lavene for appellant.

Kurt P. Leffler for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

In this criminal case, the State of Nebraska appeals an order of the district court for Lancaster County directing the clerk of the district court to return bond money to Richard Andersen, the grandfather of Zachary D. Merrill, the defendant in this case. We dismiss this appeal for lack of jurisdiction.

## STATEMENT OF FACTS

Merrill was arrested on November 13, 2004, and was charged with felony child abuse and other crimes. On November 15, bond was set in the amount of $150,000. Bond was subsequently reduced to $100,000 and later to $50,000. On March 2, 2005, Andersen, Merrill's grandfather, posted bond money of $5,000 on behalf of Merrill.

On March 22, 2005, Merrill filed an "Assignment of Rights" in which he stated that he assigned "whatever rights [he] may have, if any, to the $5,000 bond money posted in the above captioned matter" to Andersen and that he authorized the court to return the bond money to Andersen.

On March 24, 2005, the State filed an "Affidavit of Lien for Child Support" in this criminal case. The affidavit was filed by a deputy Lancaster County Attorney who stated that she was appearing on behalf of the State "solely for the purpose of collecting child support." She stated that in a separate civil case, Merrill had been ordered to pay child support, and that as of March 18, child support of $17,669.72 including interest was due. The deputy county attorney further stated that "she has good reason to and does believe the Clerk of the District Court

of Lancaster County, Nebraska has property in the form of bond money of . . . Merrill in its possession."

After Merrill was convicted and sentenced to imprisonment, Andersen filed a bond refund request with the clerk of the district court. The clerk's office declined and provided Andersen a letter dated August 4, 2005, stating, "On March 24, 2005, the County Attorneys [sic] Office filed a lien against the bond money for child support owed in [civil case] 572-300. The bond money will not be returned to . . . Merrill."

On August 30, 2005, Merrill filed a motion in this criminal case asking the court to "Order the Clerk of the District Court to return the $5,000 bail bond money posted in this matter to . . . Anders[e]n." A hearing was held on the request on September 1. The deputy county attorney who filed the March 24 affidavit appeared on behalf of the State. She stated at the hearing that a garnishment had been filed in the civil child support case. The court discussed with the parties the status of the garnishment in the child support case and whether the issues in that proceeding should be considered at the September 1 hearing. After such discussion, the court stated that "we will just be proceeding today in the criminal case found at CR04-937."

On December 15, 2005, the court entered an order in this criminal case ruling on Merrill's request to direct the clerk to return the bail bond money. The court rejected the State's various arguments to the effect that the State had a lien on the bond money and concluded that Merrill's request for an order directing that the bond money be returned to Andersen should be granted. On December 15, the court ordered the clerk of the district court "to return the posted bond money to . . . Andersen . . . thirty-one days after the date of this order, unless the state has filed a notice of appeal from this order."

The State filed a notice of appeal of the December 15, 2005, order.

## ASSIGNMENT OF ERROR

The State asserts that the district court erred in rejecting its arguments claiming a lien and in granting Merrill's request for an order directing the clerk to return the bail bond money to Andersen.

## STANDARD OF REVIEW

■ A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *State v. Hudson, ante* p. 42, 727 N.W.2d 219 (2007).

## ANALYSIS

■ Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Id.* We conclude that the State was not authorized to appeal the December 15, 2005, order in this criminal case and that therefore, this court lacks jurisdiction over this appeal.

We note that the order being appealed by the State was entered following a hearing on a defendant's motion in a criminal case. At the September 1, 2005, hearing the court noted that elsewhere, the State was simultaneously seeking garnishment in a child support civil case, and the court clarified that it and the parties would "just be proceeding today in the criminal case found at CR04-937." On December 15, the court entered the challenged order in this criminal case.

■ Absent specific statutory authorization, the State, as a general rule, has no right to appeal an adverse ruling in a criminal case. *State v. Vasquez,* 271 Neb. 906, 716 N.W.2d 443 (2006). We have found such specific statutory authorizations to include error proceedings authorized under Neb. Rev. Stat. § 29-2315.01 (Cum. Supp. 2006), see *State v. Contreras,* 268 Neb. 797, 688 N.W.2d 580 (2004), and appeals of sentences as excessively lenient authorized under Neb. Rev. Stat. § 29-2320 et seq. (Reissue 1995 & Cum. Supp. 2006), see *State v. Rice,* 269 Neb. 717, 695 N.W.2d 418 (2005).

The State asserts in its brief that "[t]his appeal is pursuant to Neb. Rev. Stat. §25-1301 [(Cum. Supp. 2006)] and §25-1911 [(Reissue 1995)]." Such statutes are statutes of general application found in chapter 25 of the Nebraska Revised Statutes relating to civil procedure. We do not find such statutes to be specific statutory authorization for the appeal by the State in this criminal case.

As noted by the district court at the hearing in this criminal case, the State is seeking to enforce whatever lien it may have on

the bond money through a garnishment proceeding in the child support case. The district court correctly noted that the State's remedy is in the civil case. Regardless of the status of that civil proceeding, the State has no specific statutory authorization to appeal the December 15, 2005, order entered in this criminal case directing the clerk to return the posted bond money to Andersen.

## CONCLUSION

We conclude that the State has no specific statutory authorization to appeal the December 15, 2005, order entered in this criminal case. This court therefore lacks jurisdiction over this appeal, and we dismiss the appeal.

APPEAL DISMISSED.