STATE OF NEBRASKA, APPELLEE, V. ROBERT J. NELSON, APPELLANT.
739 N.W.2d 199

Filed October 5, 2007.   No. S-06-449.

Daniel W. Ryberg for appellant.

Jon Bruning, Attorney General, James D. Smith, and, on brief, Susan J. Gustafson for appellee.

HEAVICAN, C.J., WRIGHT, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

## NATURE OF CASE

Robert J. Nelson was convicted of making terroristic threats in violation of Neb. Rev. Stat. § 28-311.01 (Reissue 1995). On appeal, Nelson argued that his trial counsel was ineffective for failing to challenge the constitutionality of § 28-311.01. The Nebraska Court of Appeals determined that it did not have jurisdiction to decide whether Nelson's trial counsel was ineffective because in order to do so, it would be required to determine the constitutional validity of the statute, and the Nebraska Supreme Court has exclusive jurisdiction to decide cases involving the constitutionality of a statute.[1] The issue presented in this appeal is whether the Court of Appeals had jurisdiction to decide Nelson's ineffective assistance of counsel claim.

## STATEMENT OF FACTS

Nelson had been in a relationship with his girlfriend for approximately 4 years. Nelson's girlfriend testified that in June 2005, she and Nelson were living together, but had agreed, at her urging, to end their relationship. On the morning of June 11, Nelson woke his girlfriend up and began talking about how he did not want the relationship to end. His girlfriend testified that she got up to get dressed so she could leave the apartment, but Nelson began grabbing at her clothes in an attempt to stop her from getting dressed and leaving. Nelson's girlfriend explained that she tried to use the desk telephone to call the 911 emergency dispatch service, but Nelson disabled the desk telephone and later smashed her cellular telephone against the wall.

Nelson's girlfriend testified that she was able to get dressed, but as she did so, Nelson returned to the room with a steak knife in his hand. She testified that Nelson "jamm[ed] the knife into the TV" and told her that this was "the date that [she] was

---

[1] See, Neb. Const. art. V, § 2; Neb. Rev. Stat. § 24-1106(1) (Reissue 1995).

going to die, and the only way [she] was going to leave this apartment was in a body bag." Nelson's girlfriend testified that she thought Nelson was going to kill her. Eventually, she was able to leave and contact the police.

Nelson was eventually charged with, and convicted of, making terroristic threats in violation of § 28-311.01 and use of a deadly weapon to commit a felony in violation of Neb. Rev. Stat. § 28-1205 (Reissue 1995). Nelson, represented by different counsel, appealed his convictions to the Court of Appeals. Nelson argued that his trial counsel provided ineffective assistance of counsel for failing to object to the constitutionality of § 28-311.01(1). Specifically, Nelson contended that § 28-311.01(1) is unconstitutional in that it fails to define the term "terror." Nelson also argued that his trial counsel was ineffective for failing to object to certain definitions given in the jury instructions.

Upon filing his direct appeal brief, Nelson also filed a rule 9E[2] notice claiming that this case involved the constitutionality of § 28-311.01. This court did not remove the case to its docket, and the appeal was submitted to the Court of Appeals. In a memorandum opinion filed on February 7, 2007, the Court of Appeals affirmed Nelson's convictions and sentences, but did not address Nelson's argument that his trial counsel was ineffective for failing to object to the constitutionality of § 28-311.01. The Court of Appeals explained that it could not "determine whether Nelson's trial counsel was ineffective in failing to raise the constitutionality of § 28-311.01(1) because doing so would require [the Court of Appeals] to determine the constitutionality of a statute, which [it] cannot do."

Nelson petitioned for further review, which we granted. We limited our review to the issue of whether the Court of Appeals erred in concluding that it did not have jurisdiction to address Nelson's claim that his trial counsel was ineffective for failing to challenge the constitutionality of § 28-311.01(1).

---

[2] Neb. Ct. R. of Prac. 9E (rev. 2006).

## ASSIGNMENT OF ERROR

Nelson assigns, restated, that the Court of Appeals erred in declining to address his allegation that his trial counsel was ineffective for failing to object to the constitutionality of § 28-311.01(1).

## STANDARD OF REVIEW

■ A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.[3]

■ Appellate review of a claim of ineffective assistance of counsel is a mixed question of law and fact. When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error. With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*,[4] an appellate court reviews such legal determinations independently of the lower court's decision.[5]

■ The constitutionality of a statute is a question of law, regarding which the Nebraska Supreme Court is obligated to reach a conclusion independent of the determination reached by the trial court.[6]

## ANALYSIS

### JURISDICTION OF COURT OF APPEALS

Pursuant to § 24-1106(1), cases "involving the constitutionality of a statute" bypass the Court of Appeals and are taken directly to the Nebraska Supreme Court.[7] The issue presented in this appeal is whether the Court of Appeals has jurisdiction to decide an ineffective assistance of counsel claim where the allegation is based on trial counsel's failure to challenge the constitutionality of a statute. Stated another way, the question

---

[3] *State v. Merrill*, 273 Neb. 583, 731 N.W.2d 570 (2007).

[4] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

[5] *State v. Sims*, 272 Neb. 811, 725 N.W.2d 175 (2006).

[6] *State v. Marrs*, 272 Neb. 573, 723 N.W.2d 499 (2006).

[7] See, also, Neb. Const. art. V, § 2.

presented is whether, under limited circumstances, an appellate challenge to the constitutionality of a statute may be within the jurisdiction of the Court of Appeals.

Under the Nebraska Constitution, an act of the Legislature cannot be declared unconstitutional, except by the concurrence of five judges of the Nebraska Supreme Court.[8] The obvious intent of § 24-1106(1) was to bring such constitutional issues to the Supreme Court. But we do not read § 24-1106(1) to require that all constitutional arguments, no matter how insubstantial, bypass review by the Court of Appeals.

Instead, we conclude that the mere assertion that a statute may be unconstitutional does not automatically deprive the Court of Appeals of jurisdiction over the case. To conclude otherwise would amount to ceding the regulation of our docket, and that of the Court of Appeals, to the unsupported allegations of litigants. We find that for the constitutionality of a statute to be genuinely "involved" in an appeal, " '[t]he constitutional issue must be real and substantial; not merely colorable.' "[9] For a constitutional claim to be "real and substantial," the contention must disclose a contested matter of right, which presents a legitimate question involving some fair doubt and reasonable room for disagreement.[10]

If a preliminary inquiry reveals that the contention is so obviously unsubstantial or insufficient, either in fact or in law, as to be plainly without merit, the claim is merely colorable. For example, where a law has been held to be constitutional by this court, as against the same attack being made, the case merely requires an application of unquestioned and unambiguous constitutional provisions, and jurisdiction of the appeal lies in the Court of Appeals.[11] To the extent that *Metro Renovation v.*

---

[8] *Id.*

[9] *Wright v. Missouri Dept. of Social Services,* 25 S.W.3d 525, 528 (Mo. App. 2000). See, also, *Schumann v. Mo. Highway & Transp. Com'n,* 912 S.W.2d 548 (Mo. App. 1995).

[10] See *Wright v. Missouri Dept. of Social Services, supra* note 9.

[11] See *Zepp v. Mayor &c. City of Athens,* 255 Ga. 449, 339 S.E.2d 576 (1986). See, also, *Brooks v. Meriwether Memorial Hosp. Auth.,* 246 Ga. App. 14, 539 S.E.2d 518 (2000).

*State*[12] suggests otherwise, it is disapproved. A litigant present-ing a real and substantial challenge to the constitutionality of a statute is still required, by rule 9E, to provide notice of that constitutional issue so that a preliminary inquiry into the claim may be conducted, and so this court can exercise its authority to regulate the dockets of the appellate courts of this state.

We conclude that the Court of Appeals had the authority, in this case, to consider Nelson's constitutional claim. As explained below, Nelson's claim is foreclosed by this court's precedent and is plainly without merit. The Court of Appeals erred in declining to address his argument. But because this is the first instance in which we have held that the Court of Appeals has jurisdiction to determine, in limited circumstances, whether the constitutionality of a statute is implicated and because Nelson's argument is meritless, the court's error was harmless.

## MERITS OF NELSON'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

While the Court of Appeals could have decided the merits of Nelson's ineffective assistance of counsel claim, it did not, and for the sake of judicial economy, we choose to do so here.[13] Nelson argues that his trial counsel was ineffective for failing to challenge the constitutionality of § 28-311.01. To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*,[14] the defendant must first show that counsel's performance was deficient and second, that this defi-cient performance actually prejudiced his or her defense.[15] To demonstrate that his or her counsel's performance was deficient, a defendant must show that counsel did not perform at least as well as a criminal lawyer with ordinary training and skill in the area.[16]

---

[12] *Metro Renovation v. State*, 249 Neb. 337, 543 N.W.2d 715 (1996).

[13] See, *Hosack v. Hosack*, 267 Neb. 934, 678 N.W.2d 746 (2004); *DeBose v. State*, 267 Neb. 116, 672 N.W.2d 426 (2003).

[14] *Strickland v. Washington, supra* note 4.

[15] See *State v. Moyer*, 271 Neb. 776, 715 N.W.2d 565 (2006).

[16] See *id.*

■ To prove prejudice, the defendant must show there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.[17]

Nelson contends that § 28-311.01 is unconstitutional because it fails to define the term "terror." As we read Nelson's argument, it appears he is challenging both subsections (1)(a) and (c) of the statute, as those are the only subsections that include a form of the word "terror." Section 28-311.01 provides in relevant part:

> (1) A person commits terroristic threats if he or she threatens to commit any crime of violence:
>
> (a) With the intent to terrorize another; [or]
>
> . . . .
>
> (c) In reckless disregard of the risk of causing such terror[.]

Both subsections (1)(a) and (c) have been subject to constitutional attacks in the past and have been upheld by this court as constitutional. In *State v. Schmailzl*,[18] § 28-311.01 was challenged as unconstitutionally vague and overbroad in that it failed to define what conduct constituted a threat. We rejected this argument and held that "the terroristic threats statute, § 28-311.01(1)(a) . . . is constitutional."[19]

Similarly, in *State v. Bourke*,[20] we held that § 28-311.01(1)(c) was constitutional. We concluded that "[s]ubsection (1)(c) of § 28-311.01 defines the crime with enough certainty [and] '"with sufficient definiteness and . . . ascertainable standards of guilt to inform those subject thereto as to what conduct will render them liable to punishment thereunder. . . ."'"[21] And again, in *State v. Mayo*,[22] we held that "as used in § 28-311.01(1)(c),

---

[17] *State v. Rieger*, 270 Neb. 904, 708 N.W.2d 630 (2006).

[18] *State v. Schmailzl*, 243 Neb. 734, 502 N.W.2d 463 (1993).

[19] *Id.* at 742, 502 N.W.2d at 468.

[20] *State v. Bourke*, 237 Neb. 121, 464 N.W.2d 805 (1991).

[21] *Id.* at 125, 464 N.W.2d at 808.

[22] *State v. Mayo*, 237 Neb. 128, 129, 464 N.W.2d 798, 799 (1991).

the phrase 'reckless disregard of the risk of causing such terror or evacuation' is not unconstitutionally vague."

Also relevant to our analysis, although involving a different statute, is *State v. Holtan.*[23] In *Holtan,* we addressed a claim that the phrase "'serious assaultive or terrorizing criminal activity'" is unconstitutionally vague and indefinite.[24] We concluded, among other things, that the word "terrorizing" was a word in common usage with a meaning well fixed and generally clearly understood.[25]

We conclude, as dictated by our precedent, that "terror" and "terrorize" are words of common usage and meaning capable of being readily understood by an individual of common intelligence. Accordingly, we reaffirm our holding that § 28-311.01 is not unconstitutionally vague. The statute was sufficiently clear to make Nelson aware that his conduct, as described above, was unlawful. Nelson's counsel was not ineffective for failing to raise an argument that has no merit, nor was Nelson prejudiced by his counsel's failure to raise a meritless argument.

## CONCLUSION

Although the Court of Appeals erred in not reaching the merits of Nelson's ineffective assistance of counsel claim, Nelson's claim is without merit and the Court of Appeals correctly affirmed Nelson's convictions and sentences. Although our reasoning differs from that of the Court of Appeals, the court's ultimate decision was correct, and accordingly, we affirm.[26]

AFFIRMED.

Connolly, J., participating on briefs.

---

[23] *State v. Holtan,* 197 Neb. 544, 250 N.W.2d 876 (1977), *disapproved on other grounds, State v. Palmer,* 224 Neb. 282, 399 N.W.2d 706 (1986).

[24] *Id.* at 546, 250 N.W.2d at 879.

[25] *Id.* See, also, *Masson v. Slaton,* 320 F. Supp. 669 (N.D. Ga. 1970); *State v. Gunzelman,* 210 Kan. 481, 502 P.2d 705 (1972); *Com. v. Green,* 287 Pa. Super. 220, 429 A.2d 1180 (1981).

[26] See *State v. Marshall,* 269 Neb. 56, 690 N.W.2d 593 (2005).