J-A28007-18

2019 PA Super 4

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JONATHAN MICHAEL KLINE | : | |
| | : | |
| Appellant | : | No. 652 MDA 2018 |

Appeal from the Judgment of Sentence Entered February 14, 2018
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0004891-2017

BEFORE:  LAZARUS, J., OLSON, J., and MUSMANNO, J.

CONCURRING OPINION BY OLSON, J.:  **FILED: JANUARY 4, 2019**

I concur in the result reached by the learned Majority.  I write separately to explain my rationale for concluding that Appellant's hand gesture was a communication for purposes of the terroristic threats statute.

I begin by explaining the incorrect assumptions underlying Appellant's argument.  Appellant properly notes that the comment to the terroristic threats statute states that it "is derived from Section 211.3 of the Model Penal Code."  18 Pa.C.S.A. § 2706 cmt.  What Appellant fails to recognize, however, is that Pennsylvania did not adopt section 211.3 of the Model Penal Code. Instead, our General Assembly derived section 2706 from portions of section 211.3.  Our General Assembly adopted a statute that differs in material ways from the Model Penal Code.

At issue in this case is whether Appellant's hand gestures constituted a communication. Section 2706 makes it a crime to "communicate[], either directly or indirectly, a threat[.]" 18 Pa.C.S.A. § 2706(a). On the other hand, an individual violates section 211.3 when he or she "threatens to commit any crime of violence[.]" Model Penal Code § 211.3. The Model Penal Code does not include the word "communicate" or a variant thereof. *See id.* Hence, the issue presented in this case never arises under the Model Penal Code. Therefore, I conclude that cases from other jurisdictions interpreting the Model Penal Code, and similar persuasive authority, is inapposite when considering whether Appellant's hand gesture constituted a "communication" for purposes of section 2706.

Likewise, I find the cases cited by Appellant to be inapposite in considering whether a hand gesture can constitute a communication for purposes of section 2706. In all of the cases Appellant cites, there was both a hand gesture **and** another form of communication. *See Commonwealth v. Butcher*, 644 A.2d 174, 176 (Pa. Super. 1994), *appeal denied*, 652 A.2d 835 (Pa. 1994); *Commonwealth v. Hudgens*, 582 A.2d 1352, 1355 (Pa. Super. 1990); *Commonwealth v. Green*, 429 A.2d 1180, 1181 (Pa. Super. 1981). Hence, this Court was not required to determine whether the hand gestures alone constituted communications. Appellant essentially argues that, because there is no case law addressing whether hand gestures, alone, are sufficient for finding a violation of section 2706, he is *ipso facto* entitled to

relief. This argument is a logical fallacy. When a case raises a question of first impression, this Court must undertake the necessary legal analysis to determine the meaning of a statute. The lack of prior case law directly on point does not mean that the defendant is entitled to relief.

Having explained why the Model Penal Code and cases cited by Appellant are inapposite when considering the issue presented in this case, I turn to interpreting section 2706. The Statutory Construction Act, 1 Pa.C.S.A. § 1501 *et seq*, guides statutory construction in Pennsylvania. *See Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 371 (Pa. 2017). This Court's "paramount interpretative task is to give effect to the intent of our General Assembly in enacting" the statute. *Commonwealth v. Grove*, 170 A.3d 1127, 1141 (Pa. Super. 2017), *appeal denied*, 185 A.3d 967 (Pa. 2018) (citation omitted). "Generally, a statute's plain language provides the best indication of legislative intent. . . . Therefore, when ascertaining the meaning of a statute, if the language is clear, this Court gives the words their plain and ordinary meaning." *Commonwealth v. Wise*, 171 A.3d 784, 788 (Pa. Super. 2017), *appeal denied*, 186 A.3d 939 (Pa. 2018) (cleaned up). "In reading the plain language, words and phrases shall be construed according to rules of grammar and according to their common and approved usage[.]" *Gross v. Nova Chemicals Servs., Inc.*, 161 A.3d 257, 264 (Pa. Super. 2017) (cleaned up).

Section 2706 defines the word "communicates" as "conveys in person or by written or electronic means, including telephone, electronic mail, Internet, facsimile, telex and similar transmissions." 18 Pa.C.S.A. § 2706(e). Although section 2706(e) is explicit with respect to which electronic communications are covered by section 2706, it is not explicit with respect to which in-person conveyances are covered by section 2706. Pursuant to the Statutory Construction Act, "[w]hen the words of the statute are not explicit, the intention of the General Assembly may be ascertained by considering . . . [t]he mischief to be remedied[, t]he consequences of a particular interpretation[, and t]he contemporaneous legislative history." 1 Pa.C.S.A. § 1921(c)(3), (c)(6), and (c)(7). In this case, I believe that all three of these considerations indicate that a hand gesture constitutes a communication for purposes of section 2706.

First, with respect to contemporaneous legislative history, our General Assembly added the definition of "communicates" to section 2706 in early 2000. *See* Act 59 of 1999 § 2, 1999 P.L. 915. Senator Charles Dent introduced Senate Bill 167, which became Act 59. As Senator Dent explained on the Senate floor when debating the legislation, he "originally introduced [it] to update Title 18 to keep up with technology and make it easier for prosecutors to enforce these laws against individuals who use methods such as the Internet and e-mail to harass and terrorize others. . . . [T]his legislation does update existing laws regarding terroristic threats and harassment by

communication or address by extending these statutes to include electronic communication, again such as the Internet, e-mail, and fax transmissions." 1999 Pa. Senate Journal 1142 (Dec. 6, 1999). Section 2706(e), therefore, was not intended to change the definition of the word "communicates" with respect to in-person conveyances. Instead, it was only added to clarify that electronic conveyances constituted a communication for purposes of section 2706.

Because section 2706(e) was not meant to alter the types of in-person conveyances covered by the statute, I turn to the ordinary meaning of the word "communication." "One way to ascertain the plain meaning and ordinary usage of terms is by reference to a dictionary definition." *Commonwealth v. Cornelius*, 180 A.3d 1256, 1259 (Pa. Super. 2018) (citation omitted). Black's Law Dictionary defines communication as "[t]he interchange of messages or ideas by speech, writing, **gestures**, or conduct; the process of bringing an idea to another's perception." Black's Law Dictionary, 337 (10th ed. 2014) (emphasis added). Other dictionaries similarly define the term. *E.g.* Random House Unabridged Dictionary (2018) (emphasis added) ("the imparting or interchange of thoughts, opinions, or information by speech, writing, or **signs**"). Hence, because of the contemporaneous legislative history, and the ordinary use of the word "communication," section 2706 encompasses hand gestures.

Second, the mischief to be remedied in passing section 2706 was to prevent individuals from intentionally terrorizing others. As explained by the Majority, viewed in the light most favorable to the Commonwealth, the evidence presented at trial showed that Appellant meant to terrorize. By construing hand gestures to be a communication, I believe that we ensure that the relevant mischief is remedied.

Finally, if this Court interpreted the statute in the manner advanced by Appellant, persons could routinely threaten others with universally understood gestures clearly meant to instill fear, *i.e.,* drawing one's hand across the throat in a slashing manner, without fear of being convicted of making a terroristic threat. I believe that such construction of the statute is absurd and cannot encompass our General Assembly intent in passing section 2706. For all of these reasons, I conclude that Appellant's hand gesture constituted a communication for purposes of section 2706. Accordingly, I concur in the learned Majority's decision to affirm the judgment of sentence.